UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ANGEL BARRENECHEA,<br><br>Plaintiff,<br><br>v.<br><br>SERGIO ALBARRAN, et al.,<br><br>Defendants. | Case No. 25-cv-07883-VC<br><br>**ORDER RE MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. Nos. 2, 10 |

This order explains the Court's earlier ruling, Dkt. 19, granting Barrenechea's Motion for a Temporary Restraining Order. Because the issues presented by the motion are time sensitive, this order assumes that the reader is familiar with the facts, the applicable laws, regulations, and legal standards, and the arguments made by the parties.

The Court agrees with the legal framework set forth in Judge Tigar's ruling in *Duong v. Kaiser*, No. 25-vc-07598-JST, Dkt. No. 18 at 5-14, which considered the due process claim of a noncitizen who was re-detained under 8 U.S.C. § 1226(c) after being released from ICE detention for several years. Applying that framework, Barrenechea has shown a strong likelihood that he is entitled to a pre-deprivation hearing before an immigration judge.

First, Barrenechea has a strong liberty interest in remaining free from detention. He was released from ICE custody on his own recognizance over five years ago. He is now in his 70s, living in a senior community, and taking care of his wife who has stage 4 cancer. Over the past five years, Barrenechea has had a job and has been supporting his family. He appears to be dutifully complying with the terms of his release. The government asserts that Barrenechea has been repeatedly failing to comply with his biometric check-ins. If that were true, it might change

this analysis. But in his reply papers, Barrenechea made a strong showing that the government's assertions about those missed check-ins are inaccurate, and the government was unable to provide additional information at the TRO hearing.

Next, like in *Duong*, the burden to the government of holding a bond hearing would be minimal, and the risk of erroneous deprivation is significant. As discussed more fully at the TRO hearing, ICE's release of Barrenechea on his own recognizance in 2020 can only be understood as reflecting a determination that he did not pose a flight risk or danger to the community, and due process requires a showing of a change in those circumstances before a noncitizen can be re-detained. *See id.* at 10-14.

Barrenechea has also made a sufficient showing as to the other factors the Court must consider before granting a TRO. Unconstitutional deprivation of physical liberty constitutes irreparable harm. *See Hernandez v. Sessions*, 872 F.3d 976, 994-95 (9th Cir. 2017). As for the balance of equities and the public interest factors of the TRO inquiry, these factors merge when the government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009). This inquiry favors Barrenechea here: in particular, his detention would prevent him from caring for and financially supporting his wife during her cancer treatment. By contrast, the government's interest in detaining Barrenechea until his next immigration court hearing in December 2026 is—at least on this record—minimal.

**IT IS SO ORDERED.**

Dated: September 22, 2025

_____
VINCE CHHABRIA
United States District Judge